UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-159(1) (DSD/JMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TERRENCE ODELL WATSON,<br>Defendant. | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE |

c The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Steve Schleicher, Assistant United States Attorney, hereby submits this memorandum in opposition to defendant Terrence Watson's Motion for Reduction in Term of Imprisonment.

The defendant has moved for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on recent amendments to the Sentencing Guidelines which lowered the base offense levels applicable to most cocaine base ("crack") offenses. The motion should be denied because the amendment is inapplicable to the defendant, as he was sentenced to a statutory minimum penalty. The defendant is not eligible for a reduced sentence under Section 3582(c)(2).

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

On November 14, 2001, the defendant pleaded guilty to conspiracy to distribute, and possession with intent to distribute, approximately 150 grams of cocaine base ("crack") and 125 grams of

cocaine, in violation of Title 21, United States Code, Sections 846 and 841b)(1)(A). 11/14/01 Plea Agreement ¶¶ 1, 2. According to the Presentence Investigation Report, applying the United States Sentencing Commission Guidelines Manual incorporating amendments effective November 1, 2001, the defendant's base offense level was 32. PSR ¶¶ 16, 17. After application of a 3-level reduction for acceptance of responsibility, the total offense level was reduced to 29. PSR ¶¶ 22, 23. At the time the instant offense was committed, the defendant had three prior criminal convictions and was on probation in Hennepin County for a 1999 Careless Driving conviction. PSR ¶¶ 29-31, 33. Accordingly, the defendant received three criminal history points for the three prior convictions, and an additional two points for his probation status at the time of the instant offense. PSR ¶ 34. With a total of five criminal history points, the defendant's criminal history category was III. PSR ¶ 34. However, the parties agreed that a criminal history category of I would be appropriate. 11/14/01 Plea Agreement ¶ 11.

The District Court determined the defendant's total offense level to be 29, as the Presentence Investigation Report recommended. 1/25/02 Statement of Reasons at 5. However, the Court did not adopt the stipulated criminal history category (I) or the criminal history category recommended in the Presentence Investigation Report (III). In its final judgement, the District Court determined the defendant's criminal history category to be

II. 1/25/02 Statement of Reasons at 5. Therefore, the corresponding guideline range applicable to the defendant was 97-120 months. 1/25/02 Statement of Reasons at 5. However, the statutory minimum of ten years imprisonment applied to the defendant under Title 21, United States Code, Section 841(b)(1)(A). PSR ¶ 53. By adopting the findings in the Presentence Investigation report, the Court sentenced the defendant to the statutory minimum imprisonment term of 120 months. 1/25/02 Statement of Reasons at 2, 5. The District Court further noted that in determining the defendant's sentence to be 120 months, it was "the court's belief that the sentence imposed reflect[ed] the seriousness of the defendant's offense, promot[ed] respect for the law, provid[ed] just punishment, afford[ed] adequate deterrence to criminal conduct, and protect[ed] the public from further crimes of the defendant." 1/25/02 Statement of Reasons at 5.

The defendant appealed his sentence to the Eighth Circuit, arguing that the District Court should have granted him a downward departure to criminal history category I. Had the District Court granted this departure, the defendant would have been eligible for a sentence below the statutory minimum of 120 months pursuant to the safety valve reduction under Section 5C1.2 of the United States Sentencing Guidelines. On August 28, 2002, the Eighth Circuit affirmed the District Court's decision to apply a criminal history category of II, making the defendant still ineligible for the

safety valve reduction. United States v. Watson, No. 02-1442, slip op. at 1 (8th Cir. Aug. 28, 2002) (unpublished).

On December 24, 2007, the defendant filed the instant motion seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On January 14, 2008, the defendant filed a motion to supplement his motion for sentence reduction. He essentially contends that the amendments to the Sentencing Guidelines give this Court the authority to modify his term of imprisonment. The motion should be denied. The defendant is not eligible for a reduced sentence under Section 3582(c)(2) because he was sentenced to a statutory mandatory minimum below the range recommended by the Federal Sentencing Guidelines.

**II. SECTION 3582(c) AND GUIDELINE SECTION 1B1.10.**

Once a sentence has been imposed, it may not be modified except in specific and limited circumstances. One such circumstance is provided in 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). This provision allows a sentence to be reduced only when the guideline range has "been lowered by the Sentencing Commission" and only as provided by the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v.Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

Guideline Section 1B1.10 contains the Sentencing Commission's primary "Policy Statement" regarding reduction of sentences under 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10 identifies the amendments which may be applied retroactively pursuant to this authority. A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). E.g., United States v. Walsh, 26 F.3d 75, 76-77 (8th Cir. 1994). Guideline Section 1B1.10 further articulates the proper procedure for implementing an amendment which has been made retroactive to a concluded case. See, e.g., United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001) (en banc) ("The departure granted by the district court . . . is not consistent with the applicable policy statement (§ 1B1.10) issued by the Sentencing Commission to govern § 3582(c)(2) resentencings, and therefore runs afoul of § 3582(c)(2) itself which requires action 'consistent with applicable policy statements issued by the Sentencing Commission.'").

The amendments at issue in this case are Amendments 706 and 711, effective November 1, 2007. Through these amendments, the Sentencing Commission generally reduced by two levels the offense levels applicable to most crack cocaine offenses.

On December 11, 2007, the Commission added Amendments 706 and 711 to the list of amendments identified in Guideline Section 1B1.10(c), which may be applied retroactively. The amendments do not become retroactive, however, until March 3, 2008.

On December 11, 2007, the Sentencing Commission also amended Guideline Section 1B1.10, emphasizing the limited nature of relief available under 18 U.S.C. § 3582(c)(2). Revised Guideline Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) *none of the amendments listed in subsection (c) is applicable to the defendant*; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(emphasis added).

Section 3582(c)(2) and Guideline Section 1B1.10 allow the Court to reduce a sentence only in limited circumstances and in limited ways. The defendant was sentenced to a statutory minimum sentence, which was not lowered by Amendments 706 or 711. Therefore, he is not eligible for any reduction in this case.

**III. THE DEFENDANT IS NOT ELIGIBLE FOR A REDUCED SENTENCE UNDER SECTION 3582(c)(2) BECAUSE HE WAS SENTENCED TO THE STATUTORY MINIMUM SENTENCE.**

The defendant's motion should be denied because he was sentenced to the mandatory minimum sentence required by statute. The defendant was sentenced to 120 months, which creates the floor for the extent of a reduction. Applying a 2-point reduction to the defendant's total offense level (29) would result in a offense level of 27. The current sentencing range for total offense level 27 and criminal history category II is 87-108 months. However, because the defendant was sentenced to the statutory minimum sentence of 120 months, 120 months still constitutes the floor. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See also § 1.B1.10 app. n. 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy

statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision," such as a statutory mandatory minimum term of imprisonment). Accordingly, as courts have consistently recognized, where a statutory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996). Therefore, the defendant's motion should be summarily denied.

**IV. CONCLUSION.**

The defendant's motion should be denied.

Dated: February 19, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

*s/Steven L. Schleicher*

BY: STEVEN L. SCHLEICHER
Assistant U.S. Attorney
Attorney ID No. 260587