UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CASE NUMBER 01-159-(01)-DSD-JMM |
| TERRENCE ODELL WATSON | § | |

TERRENCE ODELL WATSON'S PRO SE NOTICE OF OPPOSITION TO THE GOVERNMENT'S OPPOSITION TO WATSON'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 USC § 3582(c)(2)

SCANNED
JUL 18 2008
U.S. DISTRICT COURT ST. PAUL

TO: HONORABLE DAVID S. DOTY, PRESIDING
SENIOR UNITED STATES DISTRICT JUDGE

TERRENCE ODELL WATSON, Movant Pro Se, enters this his response in opposition to the government's opposition to his motion to modify sentence, and in support of such response Watson would show as follows:

1. Watson filed, pro se, his motion to modify sentence, and the government has opposed the relief sought. The gravaman of the government's opposition is contained in a document entitled "Government's Memorandum in Opposition to Defendant's Motion to Reduce Sentence", reference to which is made herein for all purposes.

2. While still represented by counsel Watson filed with this Court and sent to his counsel, and served on the government his response to the government's opposition. The notice was in letter form, and the document is appended herein in its entirety, and it is incorporated by reference for all purposes, herein. (Attached).

3. For the reasons set forth in that attachment Watson was sentenced to a Federal Sentencing Guidelines sentence, and that sentence is subject to being modified pursuant to 18 USC § 3582(c)(2).

WHEREFORE, Watson prays this Court considers the opposition to the government's opposition to his motion to modify sentence, to the end that the relief is GRANTED, in all things. In the event that the Court cannot grant the relief sought by Watson without an evidentiary hearing, Watson prays the Court enters

an Order scheduling this case for an oral hearing, to the end that after the hearing the Court enters an order modifying Watson's sentence pursuant to 18 USC § 3582(c)(2). Watson prays for any and all such other relief to which he may show himself entitled, including general relief.

Respectfully submitted,

Terrence Watson
Terrence Odell Watson
Reg. No. 09980-041
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000
DEFENDANT/MOVANT PRO SE

VERIFICATION

I, Terrence Odell Watson, being an incarcerated person, and in lieu of an affidavit subscribed and sworn to before a Notary Public, declare under penalty of perjury, that the statements contained in this motion are within my personal knowledge and are true and correct. Likewise, the attachment to this notice is a true and correct copy of the original filed with this Court.

Terrence Watson
Terrence Odell Watson
MOVANT/DEFENDANT PRO SE

CERTIFICATE OF FILING BY MAIL
AND
CERTIFICATE OF SERVICE

I, Terrence Odell Watson, being an incarcerated person, and in lieu of an affidavit subscribed and sworn to before a Notary Public, declare under penalty of perjury that the foregoing notice with attachment was duly filed by mail, by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: Office of the Clerk, United States District Court, UNITED STATES COURTHOUSE, 300 S. Fourth Street, Minneapolis, Minnesota 55415, on Wednesday, July 16, 2008.

I further certify that a true and correct copy of this notice was duly served on the government by depositing same in the institution's mail depository for legal mail, first class postage prepaid,and addressed to: Steven L. Schleicher, Assistant U.S. Attorney, 600 U.S. COURTHOUSE, 300 S. Fourth Street, Minneapolis, Minnesota 55415, on Wednesday, July 16, 2008.

Terrence Watson
Terrence Odell Watson, Pro Se

Terrence Odell Watson
Reg. No. 09980-041
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000

May 27, 2008

Reggie Aligada
Douglas Olson
Assistant Federal Defender & Federal Public Defender, resp.
Office of the Federal Defender
107 U.S. COURTHOUSE
300 South Fourth Street
Minneapolis, Minnesota 55415

RE: United States vs. Terrence Odell Watson
USDC no. 01-159(1) DSD/JMM

Mr. Olson:

This correspondence is in regard to your recent conversation with me in which you advised me that there was "nothing you could find in your 'arsenal' to get me the recent relief from the Sentencing Commission" regarding the recent adjustments in the punishments for cocaine base offenses. In this correspondence I am assisted by an inmate at this institution who wanted to explain the basis for the argument that I am qualified for the relief I requested in my recently filed motion pursuant to 18 USC § 3582(c)(2). This correspondence is being forwarded to the Court, as well as, to Steven L. Schleicher, who is the assistant United States Attorney assigned to this matter. Myself, as well as my inmate assistant, have reviewed Mr. Schleicher's "... Memorandum in Opposition to Defendant's Motion to Reduce Sentence." This we say in response:

First, the motion I filed did not seek a sentence reduction. This Court does not have jurisdiction to "reduce" my sentence. However, I did file a motion pursuant to 18 USC § 3582(c)(2) which authorizes this Court to "modify" a sentence when the Sentencing Commission has acted to change the punishment proscribed by the Federal Sentencing Guidelines for a particular offense. It is important that all parties are aware that in my case all factors giving the Court jurisdiction to "modify" my sentence are in place. I was sentenced of a Guideline sentence. The Sentencing Commission did act to change the punishment for my "offense conduct". And finally, that change was made retroactive to cases which judgments had already become final. So that there is no confusion among any parties, the Court very well has jurisdiction to grant the relief I am seeking, and that jurisdiction is accorded by the precise statute I have cited the Court for the relief that I am seeking.

Second, if there is any question that I was sentenced to a "Federal Guideline" sentence, I suggest all parties review the sentencing transcript in my case. Without question the Court applied the Guidelines. Without question that sentence was predicated upon a plea agreement between myself, my counsel and counsel for the government in which I and the government agreed that I would be sentenced to the appropriate Federal Sentencing Guideline provision for my offense conduct and criminal history. In the government's opposition to my motion these facts are clearly admitted. [Govt Opp. pp.2-3]. The Court adopted the Presentence Report, [Govt Opp. p.3], and a Guideline sentence was imposed applying the guidelines, including a 3 level reduction for accept-

ance of responsibility. I was sentenced to a Guideline 120 months in prison, and I appealed based upon a denial of safety valve. The government responded to my appeal, did not cross appeal, and permitted the appeal to be determined by the Eighth Circuit on an application of the Guidelines, and that my criminal history never would justify an application of the safety valve. The sentence was affirmed by the Eighth Circuit Court of Appeals August 28, 2002. No other action was taken on the case until I filed my motion pursuant to 18 USC § 3582 (c)(2). Accordingly, on August 28, 2002 my sentence, my judgment, became final.

Third, the government's opposition to application of 18 USC § 3582(c)(2) to modify my sentence is premised upon the following misstatement of fact:

> "... The defendant was sentenced to a statutory minimum sentence, which was not lowered by Amendments 706 or 711. Therefore, he is not eligible for any reduction in this case."

[Govt.Opp. at p.7]. The government goes on to conclude that the Sentencing Commision does not have the authority to reduce a statutory mandatory minimum sentence as proscribed by Congress, and therefore, the defendant does not have a right to a reduction in sentence. The government cites the Court to US v MARSHALL, 95 F3D 700, 701 (CA8 1996) for the proposition that a Sentencing Commission adjustment in offense level for a particular sentence cannot be used to require a sentence lower than a statutory mandatory minimum sentence. It is the citation to US v MARSHALL, supra., that highlights the defect in the government's thinking in this situation.

Specifically, in MARSHALL, supra., the defendant was not attempting to "modify" a sentence. The defendant was attempting to "reduce" a sentence, and herein lies the difference between MARSHALL and my case. In MARSHALL the original sentence imposed was appealed by the government, and the government prevailed on appeal. Accordingly, Marshall's sentence was never "final". In fact, when the case was REMANDED for resentencing, it was Marshall who appealed, based upon application of a retroactive Guideline adjustment for marijuana, and it was on this appeal, that the government successfully argued the Guideline change, even if retroactive, could not trump a Congressionally enacted mandatory minimum sentence for a particular offense. ID., MARSHALL, supra., at 95 F3D at 701. However, this is NOT the case in this case.

Mr. Marshall was SENTENCED to a mandatory minimum sentence, and he appealed. I was never sentenced to a mandatory minimum sentence, and in fact, when I was sentenced to a Guideline sentence of 120 months confinement, and I appealed, the government never cross-appealed challenging the "Guideline" sentence. The government never challenged the application of the "safety valve" as I had argued on appeal based on me having been sentenced to a mandatory minimum sentence. I challenged by Guideline sentence for failure to apply the safety valve, and the government responded by claiming my criminal history category II precluded the application of the safety valve, and they prevailed on that issue. Never once did the government argue that I should not prevail on the safety valve issue because I had been sentenced to a mandatory minimum sentence.

Fourth, the Court is called upon to resolve the controversy, and the government is well aware of what that resolution should be. In cases where parties are raising for the first time issues that should have been raised in prior proceedings there is but one resolution cognizable with the law. Those issues are "procedurally defaulted". The government has defaulted on the claim that I was sentenced to a mandatory minimum sentence because the government never made that claim in the District Court at sentencing, nor did the government file an appeal making that claim. Accordingly, my sentence became final, as imposed, and that Guideline sentence is subject to "modification" pursuant to 18 USC § 3582(c)(2). Any other resolution disregards the principles of finality of judgments and procedural bars to challenging final judgments.

The entire resolution of this case comes down to whether my sentence is subject to modification. And to this single issue there can be but one answer.

I am sending a copy of this letter to the Court, as well as, to the Assistant U.S. Attorney. If you are not willing, or capable, of representing these issues to the Court, then you cannot represent me. I want these issues represented precisely as presented in this correspondence. If we lose in the District Court I want to appeal to the Eighth Circuit. And if we lose in the Eighth Circuit, I want the Supreme Court petitioned for certiorari review. I am accutely aware that the Government is attempting to preclude the "crack law" relief from being enjoyed by the minions of inmates who were illegally sentenced in the past. I understand that the government will try with all their power to preclude inmates like me from receiving what is coming to me, and in so doing, the government will challenge the individual cases, like mine, and claim that "mandatory minimum sentences" apply. I have been in prison for a long while now, and I have seen friend after friend attempt to enjoy the benefits of BLAKELY v WASHINGTON, 542 US 296 (2004), and its progeny, as well as, US v BOOKER, 543 Us 220 (2005), and its progeny. And ever since APPRENDI v NJ, 530 US 466 (2000) the government has claimed "procedural default" and "procedural bar" on literally hundreds, even thousands, of occassions. The issue is well known to the government because it has been form fitted to numerous responses to inmate pleadings, for years. All I am saying by this correspondence is this: "What is good for the goose, is good for the gander."

If you cannot represent this issue, let me know. If I need to proceed pro se, let me know. If new counsel needs to be appointed, let me know. I am but an unskilled in the law, unsophisticated in the law, INMATE. Do not, however, believe for an instant, that I am not accutely aware of this issue and its impact on this, and other cases. Accordingly, do not fail to represent me on this issue, this correspondence, if you choose to continue. If not, so be it, but do not let a hearing be conducted before the Court without this issue being developed, the record developed, and my appeal perfected.

To perfect this issue for appeal I suggest you call the prosecutor to testify, and if he objects because he is counsel for the government, then I suggest you subpoena and call to testify the U.S. Attorney, Hon. Frank J. Magill, Jr. All the government lawyers need to do is first be qualified as experts, and then to testify about their knowledge of "procedural bar" issues. That will be all. Then I suggest you call other experts to explain the concept, under oath in my hearing. And finally, I suggest you brief the issue for the Court. If you cannot do these things, let me know. I cannot, but I know how to get 'er done, and I will do so, even pro se, if necessary.

I think I have made myself clear. Thanking you in advance for your attention, consideration and cooperation in this matter, and I remain,

Sincerely,

Terrence Odell Watson
Movant Pro Se

cc: ✓FILE

Steven L. Schleicher
Assistant U.S. Attorney
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

Office of the Clerk
United States District Court
District of Minnesota
UNITED STATES COURTHOUSE
300 S. Fourth Street
Minneapolis, MN 55415

TOW/jl