UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-159(1)(DSD)

Untied States of America,

Plaintiff,

v. **ORDER**

Terrence Odell Watson,

Defendant.

This matter is before the court on defendant Terrence Odell Watson's pro se motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2).[1] After a review of the file, record and proceedings herein, the court denies defendant's motion.

Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute in excess of 50 grams of cocaine base and 125 grams of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. At defendant's sentencing hearing on January 25, 2002, the court calculated defendant's Sentencing Guidelines range pursuant to a criminal history category II and a total offense level of 29, which resulted in an imprisonment range of 120 to 121 months. The bottom of this range was dictated by the ten-year statutory mandatory minimum term of imprisonment. See

[1] Defendant filed a pro se motion on January 2, 2008, and a motion to supplement that motion on January 16, 2008. After the government opposed defendant's motion, the court ordered appointment of counsel on February 21, 2008. Defendant's appointed counsel has not filed a motion, and on July 18, 2008, defendant moved to remove his counsel and proceed pro se.

U.S.S.G. § 5G1.1(c)(2) (bottom of Guidelines range is mandatory minimum if it would otherwise be lower than mandatory minimum). The court sentenced defendant to the mandatory minimum, and the sentence was affirmed on appeal. See United States v. Watson, 44 Fed. Appx. 67 (8th Cir. 2002). Defendant now moves for a reduction in sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which "reduced the base offense levels in [Guidelines] § 2D1.1(c) based on the quantity of cocaine base (crack)." United States v. McFadden, 523 F.3d 839, 840 (8th Cir. 2008).

Under 18 U.S.C. § 3582(c)(2), a court may in certain circumstances reduce the term of imprisonment for a defendant who has been sentenced based on a range that was subsequently lowered by the Sentencing Commission. In this case, however, defendant was sentenced to a statutory mandatory minimum term of imprisonment. Therefore, a two-point reduction in his offense level would result in the same sentence, and defendant is not entitled to a sentence reduction. See United States v. Peters, 524 F.3d 905 (8th Cir. 2008) (defendant not entitled to reduction of mandatory minimum sentence); United States v. Jones, 523 F.3d 881 (8th Cir. 2008) (same).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to reduce his sentence [Doc. No. 36] is denied;

2. Defendant's motion to supplement his earlier motion [Doc. No. 38] is denied as moot; and

3. Defendant's motion to remove his counsel [Doc. No. 44] is granted.

Dated: August 19, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court